OPINION OF THE COURT
Anthony J. Cerrato, J.
The application before this court is to dismiss the complaint for failure to file a notice of claim pursuant to section 50-e (subd 1, par [b]) of the General Municipal Law and the recent Court of Appeals decision in Coleman v Westchester St. Transp. Co. (57 NY2d 734). The essential issue is whether the decision in Coleman should be applied retroactively to the case at bar. Coleman held that the laws creating the transit system imposed upon Westchester County a statutory duty to operate it. (See Local Laws, 1969, No. 8, 1970, No. 11 of County of Westchester.) The imposition of such a duty created an obligation that the county indemnify the driver or transit system for any damages recovered against them (General Municipal Law, § 50-b, subd 1) and thus a notice of claim is required before any suit is brought against'the transit system (General Municipal Law, § 50-e, subd 1, par [b]).
Plaintiff here claims that she suffered a burn while on board defendant’s bus on April 6, 1981. She did not, and has never, to this date filed a notice of claim. At the time of *1061 plaintiff’s injury and for the 17 months afterward — and prior to the decision in Coleman — the law did not require the filing of a notice of claim prior to commencing suit. The Westchester Street Transportation Co. has been perceived as a private corporation that merely operated municipally owned buses. The county’s duty to operate the transit system had been viewed as self-imposed rather than as statutorily mandated. Plaintiff’s earlier motion to strike defendant’s affirmative defense for failing to file a timely notice of claim prior to suit accordingly was granted by the undersigned. Now with the recent decision in Coleman the issue before the court is clear: Should there be retroactive application of Coleman which would deprive the plaintiff of her day in court, or, is prospective application of decisional law to pending litigation the more appropriate alternative?
At the outset, the court notes that in Gager v White (53 NY2d 475, 483), the Court of Appeals remarked that “a change in decisional law usually will be applied retroactively to all cases still in the normal litigating process”. However, personal jurisdiction and the retroactive application of Rush v Savchuk (444 US 320) were at issue in that case. The substantive right of the plaintiff to bring a cause of action anywhere is at issue in the case at bar. Additionally, use by the Court of Appeals in Gager of the words “usually will be applied” chides us not to overgeneralize and exclude potential exceptions and possible countervailing considerations.
A year after Gager was decided, in Gurnee v Aetna Life & Cas. Co. (55 NY2d 184), the Court of Appeals went further and said that, while the principle of applying decisional law to pending litigation is still valid, it is subject to the exception that exists when there is a sharp break in the continuity of the law. A three-fold test was borrowed from Chevron Oil Co. v Huson (404 US 97, 106-107), and held out as a guide for future retrospective-prospective quandaries.
First, a ruling should be prospective if it overrules clear past precedent on which litigants have relied. The Coleman ruling does indeed overrule clear past precedent as the Westchester Street Transportation Co., Inc., had been *1062 previously and consistently viewed as a private corporation that leased county-owned buses. Its redefinition as in effect an employee of a municipality, requiring a notice of claim, could not have been foreseen. Plaintiff clearly relied on the former viewpoint by not serving notice. In fact, she made certain there was actual notice by making frequent contact with and providing ample information to defendant’s claim agent.
The second factor to be considered is whether a prospective application would give effect to the General Municipal Law. The logical purpose of the law was to make certain that municipalities would have notice of claims against them within 90 days of the injury, so that evidence will have remained available, memories fresh and witnesses discoverable. The defendant was cognizant of plaintiff’s claim and conducted a complete investigation well within the requisite 90 days. The statute’s intention was, therefore, satisfied.
Finally, the court must balance any inequities that may be created by retroactive application. The Coleman ruling, at first blush, may appear to institute a solely procedural alteration. However, if Coleman were to be applied retrospectively, plaintiff would be denied her right to a day in court on her complaint. Subdivision 5 of section 50-e of the General Municipal Law does allow applications for leave to serve a late notice, however, “[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation.” Plaintiff’s cause of action accrued on April 6,1981 and the statute ran by July 6, 1982. As this limitation commands strict adherence and as notice of claim is a condition precedent to initiating a cause of action, plaintiff would be completely denied an opportunity for relief if Coleman were retroactively applied.
There was no substantial prejudice to the defendant as a result of not having received formal notice, as they did receive actual notice and, in point of fact, conducted an investigation as previously noted. Moreover, the defendant waited until after the case was remanded to the Ready Day Calendar before reasserting its specific objection — seven months after the Coleman reversal.*
*1063 Accordingly, it is the opinion of the court that only the prospective application of Coleman is mandated. The results of the Gurnee three-part test are that (1) there exists a new interpretation overruling clear past precedent on which litigants have relied, (2) the intent of the General Municipal Law that municipalities receive actual, prompt notice of future claims has been satisfied, and (3) the equities clearly preponderate in favor of a prospective application only. To hold to the contrary would forever deprive plaintiff of her day in court since the Statute of Limitations has now tolled.
Accordingly, for the reasons noted, the defendant’s motion to dismiss for failure to file a notice of claim is denied.

 The movant’s counsel was the appellant’s counsel when the Coleman case (57 NY2d 734) was decided in the Court of Appeals and was thus well aware of the Coleman decision.