■ DEBRA A. JAMES, Respondent, v LIBERTY LINES, Also Known as WESTCHESTER STREET TRANSPORTATION CO., INC., Appellant. — In an action to recover damages for personal injuries due to negligence, defendant appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), entered June 24, 1983, which denied its motion to dismiss the action for failure to serve a notice of claim. Order reversed, on the law, without costs or disbursements, motion granted, and action dismissed. In *Coleman v Westchester St. Transp. Co.* (57 NY2d 734), the Court of Appeals held that Westchester County's statutory duty to operate a transit system (Local Laws, 1969, No. 8 of Westchester County; Local Laws, 1970, No. 11 of Westchester County) imposed upon the county an obligation to indemnify contractual carriers for any damages recovered against them (General Municipal Law, § 50-b, subd 1), and, therefore, a notice of claim must be served as a condition precedent to suit (General Municipal Law, § 50-e, subd 1, par [b]). While plaintiff has not complied with this notice of claim requirement and the time to make application for late service has expired, the Supreme Court held that *Coleman (supra)* was to be given only prospective application. We reverse. Absent a sharp break in the web of the law, all cases on direct appeal must be decided in accordance with any principles newly enunciated by the Court of Appeals (e.g., *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 191, cert den __ US __, 103 S Ct 83; *Gager v White,* 53 NY2d 475, 483, cert den *sub nom. Guertin Co. v Cachat,* 454 US 1086; *People v Pepper,* 53 NY2d 213, 219-220, cert den 454 US 967; *Sears Roebuck & Co. v 9 Ave.-31 St. Corp.,* 274 NY 388, 401; cf. *Kalman v Neuman,* 80 AD2d 116). We fail to perceive how *Coleman (supra)* represented such a sharp break with the past. It overruled no prior Court of Appeals precedents and merely presented that court with its first opportunity to construe the applicable statutory provisions (cf. *Gurnee v Aetna Life & Cas. Co., supra,* p

192; *Sears Roebuck & Co. v 9 Ave.-31 St. Corp., supra,* p 401; *Childs v Childs,* 69 AD2d 406, 420, app dsmd 446 US 901; but see *Incorporated Vil. of Northport v Guardian Fed. Sav. & Loan Assn.,* 87 Misc 2d 344, 348-350, affd 54 AD2d 893). Accordingly, in the absence of a contrary indication by the Court of Appeals (cf. *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 14), we are compelled to apply *Coleman (supra)* and dismiss the action. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur. [119 Misc 2d 1060.]