■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TEJADA, Appellant. — Judgment, Supreme Court, New York County (H. Bell, J.), rendered March 22, 1983, convicting defendant, after Bench trial, of criminal possession of a weapon in the second degree (Penal Law, § 265.03), is unanimously modified, on the law and the facts, and as a matter of discretion in the interest of justice, so as to reduce the conviction to a conviction of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]), and the case is remitted to the Trial Term with the direction to sentence the defendant accordingly, and the judgment is otherwise affirmed. ¶ On the facts of this case, the evidence does not establish beyond a reasonable doubt that defendant intended to use the pistol unlawfully against another. In this case the interest of justice will be better served by a conviction of criminal possession of a weapon in the third degree. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Alexander, JJ.

■ JOHN WEBER et al., Respondents, v CITY OF NEW YORK, Defendant and Fourth-Party Plaintiff, and NEW YORK CITY HOUSING AUTHORITY, Appellant and Third-Party Plaintiff-Appellant. NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Appellant and Fourth-Party Defendant-Appellant. — Order, Supreme Court, Bronx County (I. Silbowitz, J.), entered June 6, 1983, vacating jury verdict and ordering a new trial as to all parties and issues, is unanimously reversed, on the facts and in the exercise of discretion, without costs, and plaintiffs' motion to vacate and set aside the jury verdict is denied, and the jury's verdict is reinstated, and judgment is directed to be entered in accordance therewith. ¶ The determination of "the proportion which the culpable conduct attributable to the claimant * * * bears to the culpable conduct which caused the damages" (CPLR 1411), generally, and on the facts of this case, presents a question of fact for determination by the triers of fact, here the jury. On the evidence, the jury's determination of this proportion was within the permissible, reasonable range of inference of fact. The verdict was not against the weight of the evidence. The order vacating the verdict was thus an abuse of discretion. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Alexander, JJ.

■ In the Matter of FIRST ENERGY LEASING CORP. et al. O.E.C. LEASING CORP. et al.; ATTORNEY-GENERAL OF THE STATE OF NEW YORK. — Motion to vacate ex parte order denied, without prejudice to application at Special Term for such relief, as indicated in the order of this court. (See *Matter of Willmark Serv. System*, 21 AD2d 478, 479.) Concur — Sandler, J. P., Ross, Silverman, Bloom and Kassal, JJ.