■ GEORGE P. McALISTER, Appellant, v ALAN Z. SCHWARTZ, Respondent. — In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Dickinson, J.), entered June 7, 1983, which dismissed his complaint, after a jury trial.

Judgment reversed, on the law, and new trial granted, with costs to abide the event.

The plaintiff was involved in an automobile accident on July 13, 1977, which he claims was caused by the defendant. At trial, he was not able to testify as to the facts of the accident except that he was driving at the speed limit and had his headlights on. The plaintiff claims to suffer from amnesia as a direct result of the accident. Although the defendant did not testify at trial, his examination before trial was read into evidence.

At the examination before trial, the defendant testified that on July 13, 1977, at approximately 10:30 P.M., he stopped at a stop sign at the intersection of Route 202 and Camp Hill Road and did not see any other vehicles or headlights. He further testified that as he entered Route 202, he struck the plaintiff's car in the middle of the right side and then observed the plaintiff fall out of the car.

Dr. Marvin Shapiro, a neurologist, testified that he examined plaintiff on July 14, 1977, at Good Samaritan Hospital at the request of the attending physician. He stated that when he took a history of the accident plaintiff informed him that "he had been advised that he was in an automobile accident, that he did not remember the accident, and that his first recollections were those of seeing a shattered windshield and an ambulance". Shapiro examined plaintiff a number of times prior to trial. In response to a hypothetical question Shapiro replied that "[t]he accident, the trauma suffered by Mr. McAlister was of sufficient degree to produce a cerebral concussion and a post concussion reaction which includes loss of memory". The term for such a condition is "post-trauma amnesia".

On cross-examination, Dr. Shapiro testified that he examined plaintiff six times between July 14, 1977 and October 30, 1979. On December 5, 1979, he forwarded a report he prepared to plaintiff's attorney. The report indicated that on all occasions plaintiff "exhibited a normal neurological examination", except "some minimal disequilibrium" on one occasion. The report further stated that plaintiff "showed no impairment of memory". This was explained by Dr. Shapiro as meaning "there is no memory difficulty" and "[h]e answered my questions appropriately and remembers what I tell him". The doctor further testified that during the time he treated the plaintiff, a claim of amnesia was never made.

When plaintiff rested, defendant moved to dismiss the complaint for failure to make out a prima facie case. The court denied the motion at that time, informing both counsel that he was going to submit the question of amnesia to the jury as a preliminary question. If the jury found that there was no loss of memory as a result of the accident, the court stated that it would

direct a verdict in favor of the defendant "because there is no proof here from which in the court's opinion a jury might draw a singular inference as to the defendant's negligence".

In summation, the defendant's attorney reviewed the testimony of the plaintiff and Dr. Shapiro and made this statement regarding the claim of amnesia: "Well, I submit to you, ladies and gentlemen, that you cannot find fault with what you don't remember, and this is a convenient way to avoid being cross-examined on the issues, to be cross-examined on negligence by saying I don't remember, but I submit to you that if there is any credance [sic] to that claim that man would have told the doctor in the hospital the day after this occurred that he didn't remember".

In concluding, defense counsel stated: "I believe that that finding [concerning amnesia] should be on behalf of the defendant. I don't believe the plaintiff has proven his amnesia. I don't believe it exists. I don't believe the whole story, to be truthful. That is for you to decide by assessing the witnesses by assessing what you have heard in the last few days".

In instructing the jury with respect to amnesia, the court informed them that plaintiff had the burden to establish by a fair preponderance of the credible evidence that he had sustained a loss of memory and was incapable of testifying about the facts of the accident.

Upon deliberation, the jury returned a verdict, by a vote of five to one, that plaintiff did not suffer a loss of memory as a result of the accident. Defendant then renewed his motion to dismiss and it was granted by the court.

We find that the trial court improperly dismissed the plaintiff's action. The defendant admitted in his examination before trial that he did not see any cars or headlights as he entered the intersection. We note that one is bound to see what, by the proper use of his senses, he might have seen (see *Weigand v United Traction Co.,* 221 NY 39; *Zulauf v State of New York,* 119 Misc 2d 135). On the basis of the defendant's failure to observe, a question of fact as to his own negligence should have been submitted to the jury.

We also find that the remarks made by the defendant's counsel during summation to be sufficiently prejudicial as to warrant a new determination on the issue of the claim of amnesia. Defendant's counsel incorrectly suggested that Dr. Shapiro testified that the plaintiff did not tell him that he could not remember the facts of the accident when Dr. Shapiro examined plaintiff on the day following the accident. Additionally, defense

counsel improperly injected his own beliefs into his summation. The cumulative effect of these prejudicial and improper remarks warrants a new trial (see *La Russo v Pollack,* 88 AD2d 584; *Taormina v Goodman,* 63 AD2d 1018). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.