Lenore D. Crandall, as Administratrix of the Estate of David H. Crandall, Deceased, Respondent, v Darius J. Lingener, Jr., Appellant, et al., Defendant.

Third Department, January 2, 1986

**APPEARANCES OF COUNSEL**

*Maynard, O'Connor & Smith (Christine K. Krackeler* and *Roger J. Cusick* of counsel), for appellant.

*Cade & Saunders, P. C. (Franklin P. Gavin* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Plaintiff's husband was killed when he was struck by an automobile driven by defendant Darius J. Lingener, Jr., on April 7, 1982. At the time of the accident, decedent was apparently standing or walking on the highway, having just completed a conversation with defendant Claude T. Groux, who was seated in his automobile which was parked on the shoulder of the highway. The accident occurred after dark, on a relatively straight and flat section of State highway, with a posted speed limit of 55 miles per hour, at or near an intersection with a town road.

Lingener testified that he was traveling north at 50 to 55 miles per hour; that he noticed the Groux vehicle parked on the northern shoulder; that he dimmed his lights due to an approaching southbound vehicle and no longer observed the Groux vehicle; and that he heard a thud and slammed on his brakes. Lingener and two passengers in his vehicle testified that they never saw decedent prior to hearing the thud.

Groux testified that he had parked his vehicle along the shoulder of the highway while he shoveled snow from his driveway; that he entered his vehicle to drive into his driveway; that decedent, carrying a shovel, rapped on the driver's side window of the vehicle and a brief conversation ensued after which decedent walked away; that he heard a thud and saw decedent's body fly past; and that the shovel decedent was carrying struck the mirror and front fender on the driver's side of the Groux vehicle.

Plaintiff testified that after decedent returned home from work at approximately 3:00 P.M. on the day of the accident, they went grocery shopping; that decedent remained in their car and drank two bottles of beer while she did the shopping; that she drove back home and parked along the road leading to their home; that she remained in the car sorting the groceries while decedent crossed the highway to shovel snow from around their mailbox; that she saw decedent alongside Groux's vehicle, apparently talking with Groux; that she observed a northbound vehicle approaching; and that she heard a thud and saw the northbound vehicle come to a stop.

The proof established that decedent died almost instantly from numerous severe injuries caused by the impact, which propelled his body some 72 feet through the air. Results of an analysis of a sample of decedent's blood were introduced,

which revealed a blood alcohol level of .31%. In rebuttal, plaintiff presented expert testimony that a .31% blood alcohol level was incompatible with the alcohol consumption testified to by plaintiff and that bacteria in an unfrozen blood sample can cause an elevated blood alcohol level.

At the close of proof, the trial court dismissed plaintiff's complaint as to Groux and dismissed plaintiff's cause of action against Lingener seeking to recover damages for conscious pain and suffering. The jury returned a verdict in favor of plaintiff on the wrongful death cause of action against Lingener, apportioning responsibility for the accident between Lingener and decedent at 75% and 25%, respectively. Damages were awarded in a net amount of $682,500. Judgment was entered accordingly and Lingener appeals, raising a number of issues.

■ In the exercise of our power to review the sufficiency and the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499), we find no basis for setting aside the jury's verdict as to either the finding of negligence of Lingener or the apportionment of liability. Undisputed evidence establishes that Lingener maintained a substantial rate of speed on a dark wintery night as he approached the Groux vehicle, parked along the shoulder, and the nearby intersection with a town road. It is also undisputed that although decedent was either standing or walking on the highway, Lingener did not see decedent prior to impact and, therefore, took no evasive action. Considering this evidence in light of the common-law rules that "one is bound to see what, by the proper use of his senses, he might have seen" *(McAlister v Schwartz,* 105 AD2d 731, 733; *see, Weigand v United Traction Co.,* 221 NY 39) and that "in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence" *(Noseworthy v City of New York,* 298 NY 76, 80), the jury could reasonably find that Lingener failed to exercise reasonable care. On the issue of apportionment of liability, we reject Lingener's contention that evidence of decedent's intoxication and failure to exercise reasonable care as a pedestrian precludes a finding that decedent's culpable conduct should be apportioned at only 25%. The evidence presented a question of fact for the jury and its determination was a permissible, reasonable exercise of its fact-finding power *(see, e.g., Williams v City of New York,* 101 AD2d 835; *Weber v City of New York,* 101 AD2d 757, *affd* 63 NY2d 886).

■ Lingener next objects to the trial court's charge, arguing that the failure to charge certain statutory obligations for pedestrians, while charging the statutory obligations for drivers, was prejudicial. We find the charge, as a whole, to be fair. The court charged the definition of an intersection and a driver's duty to reduce speed upon approaching an intersection (Vehicle and Traffic Law §§ 120, 1180 [e]). The court also charged the general duty to drive at a speed that is reasonable and prudent under the circumstances and the requirement that every driver exercise due care to avoid colliding with any pedestrian upon the roadway (Vehicle and Traffic Law § 1180 [a]; § 1154 [repealed by L 1984, ch 429 and now contained in § 1146]). The corresponding general duty of a pedestrian crossing a highway at any point other than within a crosswalk to yield the right-of-way to vehicles upon the highway (Vehicle and Traffic Law § 1152 [a]) was charged by the court. The trial court refused to charge provisions prohibiting the diagonal crossing of intersections, requiring pedestrians walking along a highway to walk on the left shoulder facing traffic and prohibiting pedestrians from suddenly leaving a curb or other place of safety and running into the path of a vehicle (Vehicle and Traffic Law § 1152 [c]; § 1156 [b]; § 1151 [b]). Contrary to Lingener's claim, it cannot reasonably be concluded from the proof in the record that decedent violated any of these provisions. There is no proof that he was attempting to cross the intersection diagonally, that he was walking along the highway or that he suddenly left a curb or other place of safety. The evidence establishes that decedent was on the highway in the immediate vicinity of the Groux vehicle, either crossing or about to cross the highway, when he was struck by Lingener's vehicle. The instructions given by the trial court fairly and adequately apprised the jury of the corresponding rights and duties of decedent and Lingener in the circumstances, and the additional requests by Lingener would have served only to confuse the jury.

■ Lingener also contends that the verdict, which constitutes a gross award of $910,000 for the wrongful death, is excessive. We agree. Based upon the proof in the record concerning decedent's earning capacity, and considering the other factors relevant in determining the pecuniary injuries resulting from decedent's death *(see, DeLong v County of Erie,* 89 AD2d 376, 386, *affd* 60 NY2d 295), we find the award excessive to the extent that it exceeds $500,000.

We find no reversible error in Lingener's remaining argu-

ments concerning the conduct of plaintiff's counsel during summation, the admission of photographs of decedent's body and the admission of the rebuttal testimony. Accordingly, the judgment should be reversed and a new trial ordered on the issue of damages only, unless plaintiff stipulates to reduce the verdict in her favor to $375,000 ($500,000 less 25%).

MAIN, J. P., WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Order reversed, on the law and the facts, with costs to plaintiff, and a new trial ordered with respect to the issue of damages only, unless, within 20 days after service of a copy of the order to be entered upon this decision, plaintiff shall stipulate to reduce the amount of the verdict in her favor against defendant Darius J. Lingener, Jr., to $375,000.