■ ANTHONY V. PERLA et al., Appellants, v NEW YORK DAILY NEWS, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Balleta, J.), dated March 4, 1983, which denied their motion to set aside a jury verdict as to liability only, and which found the plaintiff Anthony V. Perla 62% at fault and the defendant 38% at fault in the happening of the accident, and (2) a judgment of the same court (Kutner, J.), entered February 4, 1985, which, following a jury verdict with respect to damages, awarded the plaintiff Anthony V. Perla only the principal sum of $29,260 and awarded the plaintiff Louis M. Perla only the principal sum of $3,800.

Appeal from the order dated March 4, 1983 dismissed,

without costs or disbursements (see, *Matter of Aho,* 39 NY2d 241, 248).

Judgment reversed, on the law, without costs or disbursements, and new trial granted on the issue of damages only. The findings of fact as to the apportionment of fault are affirmed.

The plaintiff Anthony V. Perla was struck by a New York Daily News, Inc., truck as he stood in the traffic lane of 41st Street in Manhattan, while helping to unload a truck. Among the injuries sustained was a fracture of the left humerus, requiring a closed reduction.

The respective negligence of the parties was a factual question for the jury (see, *Weber v City of New York,* 101 AD2d 757, *affd* 63 NY2d 886). The jury's determination that Mr. Perla bore the greater responsibility for the accident was not against the weight of the evidence. The trial court's charge correctly apprised them of the driver's duty of care under Vehicle and Traffic Law former § 1154 (now § 1146). Further, under the facts of this case, we find that the court properly charged the jury on the theory of assumption of the risk. With respect to the trial on the issue of damages, the plaintiffs contend that certain errors of the trial court, the defendants' summation, and an inadequate award entitle them to a new trial on the issue of damages. We agree that a new trial solely on damages is warranted on two of the grounds raised by the plaintiff.

First, during the trial, the defense counsel was permitted to cross-examine Mr. Perla's treating physician, Dr. Greiner, with respect to another doctor's report. That report was not in evidence and Dr. Greiner never stated that he had relied upon it in reaching his opinion (see, *People v Sugden,* 35 NY2d 453). The improper admission of the contents of that report was highly prejudicial to the plaintiffs, as it referred to tests showing that Mr. Perla had sustained no radial nerve damage, contrary to Dr. Greiner's testimony (see, *O'Shea v Sarro,* 106 AD2d 435). The prejudicial effect of this error was reinforced by comments of defense counsel in his summation.

Moreover, in its charge to the jury, the trial court instructed that no recovery could be had for either pain and suffering or the medical expenses involved in a second closed reduction of Mr. Perla's arm performed at Nassau Hospital, because he had checked out of Bellevue Hospital against medical advice. Actions contrary to medical advice may result in a reduction in damages to the extent that the conduct

increased the injury (see, Suria v Shiffman, 107 AD2d 309, mod on other grounds 67 NY2d 87). However, if properly raised, the issue of whether damages should be reduced is to be decided by the jury (see, Bell v Shopwell, Inc., 119 AD2d 715).

For these reasons, a new trial on the issue of damages is necessary. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.