■ RAYMOND HARRIS, Respondent, et al., Plaintiff, v TRANS-
PORT LEASING COMPANY et al., Appellants.—Levine, J. Appeal
from a judgment of the Supreme Court (Bradley, J.), entered
September 19, 1989 in Ulster County, upon a verdict rendered
in favor of plaintiff Raymond Harris.

Plaintiff Raymond Harris was seriously injured in a two-car
accident on the evening of January 28, 1987, when the vehicle
he was driving northbound on the Thruway was struck from
behind by a tractor trailer owned by defendants Transport
Leasing Company and BFI Transport, Inc. and operated by
defendant Raymond A. Naumec. Harris and his wife brought
this negligence action against defendants seeking to recover
for personal injuries, derivative losses and property damage.
The matter proceeded to trial in September 1989, where the
jury found defendants 100% negligent and awarded Harris
$175,000 in damages. This appeal by defendants ensued.

Of the various issues raised by defendants on this appeal,
only two merit any discussion. First, defendants contend that
Supreme Court erred in charging the jury on the lesser
burden of proof for amnesia victims. We disagree. A plaintiff
who submits medical proof establishing a loss of memory and
its causal relationship to the defendant's fault is entitled to
have the jury consider whether the plaintiff has proven both
elements by clear and convincing evidence, and if so, apply a
lesser degree of proof in evaluating the plaintiff's claim (see,
Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 334-335;
Costa v Hicks, 98 AD2d 137, 146). In this case, Harris exhib-
ited difficulty, at various points during his testimony, recalling
certain events surrounding the accident. Harris' physician
testified that Harris' memory loss was caused by a trauma to
the brain resulting from the head injury he sustained in the
accident. In view of these facts, we find that Supreme Court
correctly determined that Harris was entitled to an amnesia
charge. Further, despite defendants' argument to the contrary,
Supreme Court's charge made it sufficiently clear to the jury
that in order to apply the lesser degree of proof, it was
required to find by clear and convincing evidence that Harris'
memory loss was *caused* by the collision.

We similarly reject defendants' contention that Supreme
Court erred in denying their request to charge certain provi-
sions of the Vehicle and Traffic Law. The provisions at issue
prohibit driving "at such a slow speed as to impede the
normal and reasonable movement of traffic" (Vehicle and
Traffic Law § 1181 [a]) and reckless driving (Vehicle and
Traffic Law § 1212). There is no evidence in the record, how-

ever, which reasonably tends to prove that Harris violated either of these provisions (see, Crandall v Lingener, 113 AD2d 529, 533, lv denied 67 NY2d 607; cf., Green v Downs, 27 NY2d 205, 207-208). Harris testified that he was driving approximately 60 miles per hour in the middle lane of the three-lane highway when Naumec's vehicle struck him. Naumec estimated Harris' speed to be 40 to 45 miles per hour and stated that other traffic was going around the Harris vehicle. Naumec also testified that the speed limit on the Thruway was 55 miles per hour, but no evidence was presented regarding the minimum speed on the Thruway and there was no other proof tending to show that Harris' driving was in any manner reckless. Under these circumstances, we conclude that Supreme Court properly refused the requested charge.

We have examined defendants' remaining contentions that Supreme Court erred in denying their motions for mistrial and judgment notwithstanding the verdict and that the court's conduct during the trial was prejudicial, and find them to be without merit.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Levine and Mercure, JJ., concur.