■ JENNIFER BAKER et al., Appellants, v NASSAU COUNTY POLICE ACTIVITY LEAGUE, INC., et al., Respondents. [696 NYS2d 240] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated October 29, 1998, as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 19, 1995, at approximately 1:00 P.M., the infant plaintiff was traveling south, by bicycle, on Greenwich Street in the Village of Hempstead. While attempting to cross Martin Avenue, she was hit by a bus owned by the defendant Nassau County Police Activity League, Inc., and operated by the defendant Fred E. Allen, which was proceeding west on Martin Avenue and was attempting to make a right turn onto Greenwich Street. Allen's entry into the intersection was controlled by a stop sign. At an examination before trial, Allen testified that he stopped at the intersection, looked to his right and then to his left and, not seeing any oncoming traffic, proceeded to make the right turn. Allen testified that he never saw the infant plaintiff on her bicycle. The Supreme Court denied the plaintiffs' motion for partial summary judgment on the issue of liability.

The Supreme Court properly denied the plaintiffs' motion. The infant plaintiff, who was riding her bicycle in the roadway as she crossed Martin Avenue, was proceeding subject to Vehicle and Traffic Law § 1231 and was, thus, subject to all of the duties applicable to the driver of a motor vehicle (*see, Redcross*

*v State of New York,* 241 AD2d 787, 791). The defendant driver was required to continue to exercise due care and to observe traffic conditions before proceeding into the intersection (*see, Bolta v Lohan,* 242 AD2d 356; *Pahler v Daggett,* 170 AD2d 750; *Levitt v County of Suffolk,* 166 AD2d 421; *Olsen v Baker,* 112 AD2d 510). There exist triable issues of fact as to whether the infant plaintiff observed the rules of the road before entering the intersection (*see, e.g.,* Vehicle and Traffic Law § 1120 [a]; § 1234 [c]) and whether the defendant driver failed to see that which through proper use of his senses he should have seen (*see, Weigand v United Traction Co.,* 221 NY 39, 42; *Bolta v Lohan, supra; Milka v Hernandez,* 187 AD2d 1031, 1032). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.