■ LILA TURNER, Appellant-Respondent, v BERNARD J. ROBINS, Defendant and Third-Party Plaintiff-Respondent-Appellant, and BERMAN, SCHWARTZ & SCHULMAN, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. SALZMAN & SALZMAN et al., Third-Party Defendants-Appellants-Respondents. [699 NYS2d 728] —In an action to recover damages for legal malpractice, the plaintiff and the third-party and second third-party defendants appeal from so much of an order of the Supreme Court, Kings County

(Barasch, J.), dated January 30, 1998, as granted the separate cross motions of the defendant third-party and second third-party plaintiff, Bernard J. Robins, and the defendants third-party plaintiffs, Berman, Schwartz and Schulman and Steven Schulman, for summary judgment dismissing the complaint, and granted the motions of the third-party and second third-party defendants for summary judgment dismissing the third-party complaint and the second third-party complaint, and the defendant third-party and second third-party plaintiff, Bernard J. Robins, and the defendants third-party plaintiffs, Berman, Schwartz and Schulman and Steven Schulman cross-appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal by the plaintiff and the third-party and second third-party defendants from so much of the order as granted the motions of the third-party and second third-party defendants for summary judgment is dismissed as they are not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants appearing separately and filing separate briefs.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must establish (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) that the attorney's negligence was a proximate cause of the loss sustained, (3) that the plaintiff incurred damages as a direct result of the attorney's actions, and (4) that the plaintiff would have been successful if the attorney had exercised due care (*see, Zasso v Maher,* 226 AD2d 366, 367; *Andrews Beverage Distrib. v Stern,* 215 AD2d 706). Here, the defendants made out a prima facie case for summary judgment and the plaintiff failed to raise a triable issue of fact as to whether the attorneys' actions were a proximate cause of any loss. Thus, the defendants were entitled to summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.