■ FELIPE GONZALEZ, as Administrator of the Estate of JOSEPH GONZALEZ, Deceased, et al., Respondents, v COUNTY OF

SUFFOLK et al., Respondents, and STEFANO LIOTTA, Appellant. [716 NYS2d 404] —In an action to recover damages for wrongful death, the defendant Stefano Liotta appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 2, 2000, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs' decedent, a nine-year-old boy, was killed as he was attempting to cross Sunrise Highway near Udall Road in West Islip, New York. The appellant was the operator of the vehicle that struck the decedent.

In support of the appellant's motion for summary judgment, his counsel asserted, among other things, that the decedent had "darted out in front of [his] vehicle, wearing black clothing, onto a major highway, in the dark". These assertions are based upon counsel's review of selected portions of deposition testimony and inferences drawn from that testimony.

In opposing the motion, the plaintiffs' attorney noted, among other things, the appellant's deposition testimony in which he stated that he did not see the decedent prior to the impact. The record also includes evidence which allows an inference that the impact was between the decedent and the center of the hood and grille of the vehicle, and that the decedent was thrown over 400 feet as a result of the impact.

The Supreme Court correctly denied the motion for summary judgment. The evidence presented tends to show that the decedent was positioned immediately in front of the on-coming vehicle prior to the impact (*cf., Brown v City of New York,* 237 AD2d 398 [pedestrian ran into passenger side of van, and driver had no opportunity to observe pedestrian prior to impact]). This factor, considered in light of the appellant's conceded failure to see anything prior to the impact, and his failure to take any steps to avoid the collision (*cf., DiCocco v Center for Dev. Disabilities,* 264 AD2d 803), calls into question the appellant's testimony concerning the speed of his vehicle and his attentiveness as he drove. " 'One is bound to see what, by proper use of his senses, he might have seen' " (*Crandall v Lingener,* 113 AD2d 529, 532; *see, McAlister v Schwartz,* 105 AD2d 731, 733; *see also, Weigand v United Traction Co.,* 221 NY 39). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.