■ LAURISHA CHARLES, an Infant, by Her Mother and Natural Guardian, NICOLE CHARLES, et al., Respondents, v BETTY BALL, Appellant. [737 NYS2d 116] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated March 27, 2001, as denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

At approximately 4:50 P.M. on July 23, 1999, the six-year-old plaintiff Laurisha Charles allegedly was injured when she attempted to cross a street and came into contact with a vehicle owned and operated by the defendant. The defendant testified at her examination before trial and stated in an affidavit that, just before the accident, she observed the infant plaintiff standing in the roadway on her right side between two parked cars, talking to someone across the street. Upon seeing the infant plaintiff, the defendant slowed down to about 10 miles per hour, but could not recall whether or not she sounded her horn. When the defendant was approximately ½ to 1 car length away, the infant plaintiff suddenly lowered her head and darted into the street, striking the front right fender of the defendant's vehicle.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint since she

failed to sustain her initial burden of demonstrating the absence of a triable issue of fact as to whether she exercised due care to avoid the accident (*see,* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Ruocco v Mulhall,* 281 AD2d 406; *Garner v Fox,* 265 AD2d 525; *Calico v Phillips,* 63 AD2d 955; *cf.,* Vehicle and Traffic Law § 1146; *Miller v Sisters of Order of St. Dominic,* 262 AD2d 373). The defendant's failure to make such a prima facie showing required the denial of her motion, regardless of the sufficiency of the plaintiffs' opposing papers (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr., supra* at 853). Altman, J.P., S. Miller, Cozier and Prudenti, JJ., concur.