■ BETH S. LEVY et al., Respondents, v TOWN BUS CORP. et al., Appellants. [739 NYS2d 459] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 12, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action against the owner and operator of a school bus that struck the injured plaintiff. The defendants moved for summary judgment on the ground that the injured plaintiff suddenly and unexpectedly ran in front of the bus, therefore making the accident unavoidable. The Supreme Court denied the motion, finding that an issue of fact existed as to whether the driver exercised due care while operating the bus.

A driver is required "to see what, by the proper use of his [or her] senses, he [or she] might have seen" (*McAlister v Schwartz,* 105 AD2d 731, 733). The injured plaintiff was positioned at or near the front part of the bus immediately before impact. This factor, considered in conjunction with the bus driver's observation of the injured plaintiff at the nearby intersection shortly before the impact, and her failure to see the injured plaintiff again until after the collision, raises material questions of fact regarding her attentiveness and care in operating the bus under the prevailing circumstances (*see Charles v Ball,* 291 AD2d 367; *Gonzalez v County of Suffolk,* 277 AD2d 350, 351). Therefore, the defendants failed to sustain their initial burden of establishing prima facie entitlement to judgment as a matter of law, and their motion was properly denied (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

In light of our determination, we need not address the parties' remaining contentions. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.