■ TERRY C. SPICOLA, Appellant, v FRANK L. PIRACCI, Respondent. [768 NYS2d 867]—

Appeal from an order of Supreme Court, Erie County (NeMoyer, J.), entered September 20, 2002, which granted defendant's motion for summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting defendant's motion seeking summary judgment on liability. Plaintiff commenced this action to recover damages for injuries sustained when he was struck by defendant's motor vehicle while crossing the street in the middle of the block. It is undisputed that it was dark and was raining slightly and that plaintiff was wearing dark clothing. Even assuming, arguendo, that defendant met his initial burden on the motion (*see Brown v City of New York*, 237 AD2d 398 [1997]), we conclude that there is a triable issue of fact regarding defendant's negligence, particularly in view of the principle that, in determining a motion for summary judgment, the "court's function is issue finding, not issue determination" (*Potter v Polozie*, 303 AD2d 943, 944 [2003]). Giving plaintiff "the benefit of every favorable inference" (*Nicklas v Tedlen Realty Corp.*, 305 AD2d 385, 386 [2003]), as we must, we conclude that the evidence indicates that plaintiff may have been positioned directly in front of defendant's motor vehicle prior to impact. "This factor, considered in light of [defendant's] conceded failure to see anything prior to the impact, and his failure to take any steps to avoid the collision . . ., calls into question testimony concerning the speed of his vehicle and his attentiveness as he drove. ' "One is bound to see what, by proper use of his senses, he might have seen" ' " (*Gonzalez v County of Suffolk*, 277 AD2d 350, 351 [2000], quoting *Crandall v Lingener*, 113 AD2d 529, 532, *lv denied* 67 NY2d 607 [1986]; *see Levy v Town Bus Corp.*, 293 AD2d 452 [2002]; *Charles v Ball*, 291 AD2d 367 [2002]). Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.