■ JOHN KOSSIFOS, Respondent, v HARRY I. KATZ, P.C., et al., Appellants. [821 NYS2d 467]—

In an action to recover damages for legal malpractice, the

defendants appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered September 29, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants represented the plaintiff's decedent, Melanie Kossifos, in an action to recover damages for personal injuries she sustained when a Liberty Lines bus ran over her leg. The defendants never filed a notice of claim with the County of Westchester, nor moved for permission to file a late notice of claim. After the action was dismissed for failure to comply with this condition precedent (*see Kossifos v Liberty Lines Tr.,* 277 AD2d 205 [2000]), the plaintiff commenced this action to recover damages for legal malpractice against the defendants. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, finding that there were issues of fact as to whether the defendants were negligent, and as to whether the bus driver was negligent in the underlying action.

In order to prevail on a claim to recover damages for legal malpractice, a plaintiff must show (1) that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) that the attorney's negligence was a proximate cause of the loss sustained, (3) that the plaintiff incurred damages as a direct result of the attorney's actions, and (4) that the plaintiff would have been successful if the attorney had exercised due care (*see Turner v Robins,* 267 AD2d 376 [1999]; *McCoy v Tepper,* 261 AD2d 592 [1999]; *Iannarone v Gramer,* 256 AD2d 443 [1998]). At the time that the defendants undertook to represent the plaintiff's decedent in the personal injury action, the law was well settled that, with respect to accidents arising out of the circumstances of this case, the timely filing of a notice of claim with the County of Westchester was a condition precedent to any litigation (*see Coleman v Westchester St. Transp. Co.,* 57 NY2d 734 [1982]; *Singer v Liberty Lines,* 183 AD2d 820 [1992]; *McSpedon v Liberty Lines,* 109 AD2d 731 [1985]; *James v Liberty Lines,* 97 AD2d 749 [1983]). Moreover, triable issues of fact exist as to whether the bus driver failed to see what, with the proper use of his senses, he should have seen (*see Gonzalez v County of Suffolk,* 277 AD2d 350 [2000]; *see also Sappleton v Metropolitan Suburban Bus Auth.,* 140 AD2d 684 [1988]; *Pedersen v Balzan,* 117 AD2d 933 [1986]; *McAlister v Schwartz,* 105 AD2d 731 [1984]).

Accordingly, the Supreme Court properly denied the defen-

dants' motion for summary judgment dismissing the complaint. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.