■ TERESA HYATT, Individually and as Parent and Natural Guardian of REBECCA HYATT, an Infant, Respondent, v ANTHONY G. MESSANA et al., Appellants. [889 NYS2d 329]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered March 3, 2009 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter when she was struck at an intersection by a vehicle operated by Kathy L. Messana (defendant). At the time of the accident, plaintiff's daughter was 12 years old and was riding her bicycle to school, in a school zone. The street on which she was riding her bicycle was controlled by a stop sign, but the street on which defendant was driving was not.

Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint. "Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination" (*Ugarriza v Schmieder*, 46 NY2d 471, 474 [1979]). Plaintiff's daughter was subject to the duties applicable to the driver of a vehicle pursuant to the Vehicle and Traffic Law when she rode her bicycle on the street (*see* Vehicle and Traffic Law § 1231; *Baker v Nassau County Police Activity League*, 265 AD2d 515 [1999]), and defendants established that plaintiff's daughter violated Vehicle and Traffic Law § 1142 (a) when she entered the intersection without yielding the right-of-way to defendant. In view of her age, however, it is for a jury to determine whether such statutory violation constitutes negligence (*see generally Poczkalski v Cartwright*, 65 AD2d 945 [1978]; 1A NY PJI3d 2:49, at 341 [2009]).

In addition, defendant was under a duty to exercise a high degree of care while driving in a school zone (*see* 8B NY Jur 2d, Automobiles and Other Vehicles § 1111), and defendants' own submissions raise triable issues of fact whether defendant violated that duty. "Giving plaintiff 'the benefit of every favorable inference' . . . , as we must, we conclude that the evidence

indicates that [her daughter] may have been positioned directly in front of defendant's motor vehicle prior to impact" (*Spicola v Piracci*, 2 AD3d 1368, 1369 [2003]). That evidence, together with defendant's admitted failure to see plaintiff's daughter prior to the impact, raises a triable issue of fact whether defendant "failed to see that which through proper use of [her] senses [s]he should have seen" (*Baker*, 265 AD2d at 516; *see Spicola*, 2 AD3d at 1369). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.