In an action to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated April 6, 2009, as granted that branch of the cross motion of the defendant Kenneth E. Zwolski which was for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Kenneth E. Zwolski which was for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiffs’ decedent allegedly was crossing the street within a crosswalk against the traffic light when he was struck by a vehicle operated by the defendant Kenneth E. Zwolski at or near an intersection. The plaintiffs’ decedent had already walked across three lanes of traffic when he came into contact *525 with the middle of the front of the Zwolski vehicle. Zwolski testified at his deposition that it was dark outside, that the decedent was wearing dark clothing, and that he did not see any pedestrians prior to the impact. A police officer testified at a DMV hearing that a street lamp at the intersection illuminated the westbound lane in which Zwolski was traveling.
A driver is bound to see what is there to be seen with the proper use of his senses (see Spicola v Piracci, 2 AD3d 1368 [2003]; Gonzalez v County of Suffolk, 277 AD2d 350 [2000]), and there can be more than one proximate cause of an accident (see generally Tapia v Royal Tours Serv., Inc., 67 AD3d 894, 896 [2009]; Cox v Nunez, 23 AD3d 427 [2005]; Romano v 202 Corp., 305 AD2d 576 [2003]). Under the circumstances, Zwolski failed to submit evidence sufficient to establish, prima facie, that the decedent’s alleged negligence was the sole proximate cause of the accident, that he kept a proper lookout, and that his alleged negligence, if any, did not contribute to the happening of the accident (see Spicola v Piracci, 2 AD3d 1368 [2003]; Gonzalez v County of Suffolk, 277 AD2d at 350). In light of our determination, we need not review the sufficiency of the plaintiffs’ opposition papers. Covello, J.E, Angiolillo, Leventhal and Belen, JJ., concur.