■ Francis Matamoro et al., Respondents, v City of New York et al., Appellants. [941 NYS2d 684]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 10, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A driver is bound to see what is there to be seen through the proper use of his or her senses (*see Wilson v Rosedom*, 82 AD3d 970 [2011]; *Topalis v Zwolski*, 76 AD3d 524, 525 [2010]; *Gonzalez v County of Suffolk*, 277 AD2d 350 [2000]), and a driver with the right-of-way has a duty to use reasonable care to avoid a collision (*see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 895 [2009]). Moreover, there can be more than one proximate cause of an accident, and the question of comparative negligence is generally a question for the jury (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064, 1065 [2011]; *Wilson v Rosedom*, 82 AD3d at 970).

In support of their motion for summary judgment, the defendants submitted, inter alia, the deposition testimony of the defendant driver Celestin Jean, and the deposition testimony of the infant plaintiff. Although this evidence demonstrated that Jean had the right-of-way when the school bus he was driving came into contact with the infant plaintiff, it was insufficient to establish, prima facie, that Jean was not negligent and that the

infant plaintiff's alleged negligence was the sole proximate cause of the accident (*see Topalis v Zwolski,* 76 AD3d at 525; *Tapia v Royal Tours Serv., Inc.,* 67 AD3d at 895-896; *Spicola v Piracci,* 2 AD3d 1368, 1369 [2003]; *Levy v Town Bus Corp.,* 293 AD2d 452 [2002]). Since the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law, the defendants' motion for summary judgment was properly denied, and we need not examine the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Topalis v Zwolski,* 76 AD3d at 525). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.