# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**531**

**CA 12-02124**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

NANCY BURKHART, SISTER AND LEGAL GUARDIAN FOR
BRIAN BURKHART, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

PEOPLE, INC., ELISA SMITH, KATELYNNE COLEMAN,
AMY MAZURKIEWICZ, DEFENDANTS-RESPONDENTS,
LUCIAN VISONE AND LAKEFRONT CONSTRUCTION, INC.,
DEFENDANTS-APPELLANTS.

---

HAGELIN KENT LLC, BUFFALO (MICHAEL T. HAGELIN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT, FOR PLAINTIFF-RESPONDENT.

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered February 2, 2012. The order denied the motion of defendants Lucian Visone and Lakefront Construction, Inc., for summary judgment on the issue of negligence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of her brother seeking damages for injuries he sustained when he was struck by a vehicle operated by defendant Lucian Visone and owned by defendant Lakefront Construction, Inc. (Lakefront). Visone and Lakefront appeal from an order denying their motion for partial summary judgment on the issue of Visone's negligence. We affirm. Visone and Lakefront failed to submit evidence sufficient to establish, prima facie, that the alleged negligence of the other defendants or of plaintiff's brother "was the sole proximate cause of the accident, that [Visone] kept a proper lookout, and that [Visone's] alleged negligence, if any, did not contribute to the happening of the accident" (*Topalis v Zwolski*, 76 AD3d 524, 525; *see Sauter v Calabretta*, 90 AD3d 1702, 1704). Visone and Lakefront failed to establish in support of their motion that plaintiff's brother "suddenly 'darted out . . . directly into the path of the . . . vehicle' " (*St. Andrew v O'Brien*, 45 AD3d 1024, 1027-1028, *lv denied and dismissed* 10 NY3d 929) or that Visone complied with his "duty to see that which through the proper use of his senses he should have seen" (*Lupowitz v Fogarty*, 295 AD2d 576, 576; *see Rost v Stolzman*, 81 AD3d 1401, 1402;

*Hyatt v Messana*, 67 AD3d 1400, 1402).  Visone and Lakefront thus failed to meet their initial burden on their motion (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  May 3, 2013                                        Frances E. Cafarell
                                                            Clerk of the Court