■ LOUISE SPADARO, as Executrix of JEFFREY L. SIEGEL, Deceased, Appellant, v PARKING SYSTEMS PLUS, INC., et al., Respondents, et al., Defendants. [979 NYS2d 627]—

The appeal from so much of the order entered June 3, 2011, as granted those branches of the motion of the defendant S&K Restaurant Corp. and the cross motion of the defendants Parking Systems Plus, Inc., and Island Valet Service, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's cross motion pursuant to CPLR 3126 to strike the answers of those defendants must be dismissed because the right of direct appeal from those portions of the order terminated with the entry of the judgments dated September 19, 2011, and December 6, 2011 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The plaintiff's decedent was struck and killed by a vehicle driven by the defendant Mayer Sadian. The accident occurred as the decedent crossed Mineola Avenue in Roslyn Heights, several storefronts north of Matteo's Restaurant (hereinafter the restaurant). The plaintiff alleges that, at the time, there were vehicles double-parked outside of the restaurant. The accident

occurred when Sadian, driving northbound on Mineola Avenue, allegedly passed the double-parked vehicles, moved from the left lane into the right lane, and then struck the decedent. The plaintiff claims that the double-parked vehicles obstructed Sadian's view of the decedent, and the decedent's view of Sadian's vehicle, and were a proximate cause of the accident. After the plaintiff commenced this action to recover damages for personal injuries and wrongful death, the defendant S&K Restaurant Corp. (hereinafter S&K), which operated the restaurant, moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Thereafter, the defendants Parking Systems Plus, Inc., and Island Valet Service, Inc. (hereinafter together the Parking Systems defendants), which were involved in the operation of the valet parking services offered by the restaurant, cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted those branches of that motion and cross motion and denied the plaintiff's cross motion pursuant to CPLR 3126 to strike the answers of those defendants on the ground it had been rendered academic.

" 'There can be more than one proximate cause of an accident' " (*Graeber-Nagel v Naranjan*, 101 AD3d 1078, 1078 [2012], quoting *Cox v Nunez*, 23 AD3d 427, 427 [2005]). Thus, " 'the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law' " (*Simmons v Canady*, 95 AD3d 1201, 1202 [2012], quoting *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). The issue of comparative negligence is generally one for the trier of fact (*see Matamoro v City of New York*, 94 AD3d 722, 722 [2012]; *Fogel v Rizzo*, 91 AD3d 706, 707 [2012]; *Allen v Echols*, 88 AD3d 926, 927 [2011]).

Contrary to the Supreme Court's determination, S&K and the Parking Systems defendants each failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. On this record, even assuming, arguendo, that the actions of Sadian and the decedent were negligent and were proximate causes of the accident, the evidence submitted by S&K and the Parking Systems defendants, in support of their motion and cross motion, respectively, failed to eliminate all triable issues of fact as to whether those defendants were free from comparative fault (*see Simmons v Canady*, 95 AD3d at 1202-1203; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]). Furthermore, when viewed together, the submissions of S&K and the Parking Systems de-

fendants presented triable issues of fact as to whether S&K could be held liable for the negligence, if any, of the Parking Systems defendants. Accordingly, the Supreme Court should have denied those branches of S&K's motion and the Parking Systems defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Simmons v Canady*, 95 AD3d at 1203; *Matamoro v City of New York*, 94 AD3d at 723; *Gause v Martinez*, 91 AD3d 595, 597 [2012]).

Although we agree that the Supreme Court properly denied the plaintiff's cross motion pursuant to CPLR 3126 to strike the answers of S&K and the Parking Systems defendants, we base our conclusion on a ground different from that relied on by the Supreme Court. The record demonstrates that those defendants did not refuse to obey an order for disclosure or willfully fail to disclose information which the court found ought to have been disclosed (*see* CPLR 3126).

The plaintiff's remaining contention is academic in light of our determination. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.