■ WILLIAM SHELZI et al., Appellants, v PARAGON OIL COMPANY, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered November 27, 1978, which is in favor of defendant and against them, upon the trial court's dismissal of the complaint at the close of the plaintiffs' case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The trial court erred in determining, as a matter of law, that the plaintiff husband was guilty of contributory negligence. There existed sufficient factual questions to warrant submitting the matter to a jury. Hopkins, J. P., Rabin, O'Connor and Weinstein, JJ., concur.

■ HALUK M. TALAY, Appellant, v PATRICK J. DEL VICARIO, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from a resettled judgment of the Supreme Court, Queens County, entered March 8, 1978, which, upon a directed verdict, is in favor of defendant (the trial court had set aside a jury verdict, rendered after a trial limited to the issue of liability only, which found plaintiff 70% liable and defendant 30% liable). Judgment reversed, with costs, jury verdict reinstated and action remitted to Trial Term for further proceedings consistent herewith. The trial court erred in setting aside "that part of the jury verdict which apportioned negligence in the amount of 30% on the defendant", and in granting defendant's motion for judgment as a matter of law dismissing plaintiff's complaint. The resolution of conflicting evidence and the credibility of the witnesses is for the jury and not the court to determine (Swenson v New York, Albany Desp. Co., 309 NY 497, 505). Under the instant circumstances, both plaintiff and defendant were obligated to use reasonable care by exercising forbearance and caution regardless of the color of the traffic light (Shea v Judson, 283 NY 393; Bartholomew v New York Tel. Co., 35 AD2d 767). The record clearly reflects sufficient credible evidence to support the jury verdict finding negligence on the part of both drivers which proximately caused the accident (see, e.g., Boyle v Gretch, 57 AD2d 1047, 1048). Accordingly, the granting of defendant's motion to (a) set aside the verdict apportioning liability between the plaintiff and the defendant and (b) dismiss the complaint, was improper. Titone, J. P., Mangano, Rabin and Cohalan, JJ., concur.