■ STEVE KLAYMAN, Respondent, v CITY OF NEW YORK et al., Respondents, and MICHAEL SAVARESE et al., Appellants-Respondents. (Action No. 1.) CAROL CEO, Individually and as Executrix of Carl Ceo, Deceased, Respondent-Appellant, and WILLIAM CARROLL et al., Respondents, v JOSE RIVAS et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. CITY OF NEW YORK, Third-Party Defendant-Respondent-Appellant. (Action No. 2.) MICHAEL SAVARESE, Appellant, v CITY OF NEW YORK et al., Respondents. (Action No. 3.)—In three consolidated actions (one of which constitutes two actions which were previously consolidated), *inter alia,* to recover damages for personal injuries, (1) Michael Savarese appeals from stated portions of a judgment of the Supreme Court, Queens County (Leviss, J.), entered June 17, 1985, which, *inter alia,* upon a finding that he was 40% at fault in the happening of the accident, is in favor of Steve Klayman, the plaintiff in action No. 1, and against him in the principal sum of $197,572.62, in favor of the plaintiff Carol Ceo, a plaintiff in action No. 2 and against him in the principal sum of $4,000,000, in favor of William Carroll and Barbara Carroll, also plaintiffs in action No. 2, and against him in the principal sums of $1,425,000 and $142,500, respectively, and, in action No. 3, is in his favor and against the defendants in the principal sum of only $90,000, based upon the finding that he was 40% at fault in the happening of the accident; (2) Jose Rivas appeals from stated portions of the same judgment, which, *inter alia,* upon a finding that he was 55% at fault in the happening of the accident, is in favor of Steve Klayman, the plaintiff in action No. 1, and against him in the principal sum of $197,572.62, in favor of the plaintiff Carol Ceo, a plaintiff in action No. 2, and against him in the principal sum of $4,000,000 and in favor of William Carroll and Barbara Carroll, also plaintiffs in action No. 2, in the principal sums of $1,425,000 and $142,500, respectively; (3) Carol Ceo cross-appeals, as limited by her notice of cross appeal and brief, from

so much of the same judgment as adjudged William Carroll and his employer, the City of New York to be only 5% at fault in the happening of the accident; and (4) the City of New York cross-appeals from so much of the same judgment as is in favor of Carol Ceo and against the defendants third-party plaintiffs in action No. 2 in the principal sum of $4,000,000, upon a jury verdict.

Ordered that the cross appeal by Carol Ceo is dismissed, without costs or disbursements, as she is not aggrieved by that portion of the judgment cross-appealed from by her *(see,* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from, and cross-appealed from by the City of New York, on the facts, and in the exercise of discretion, without costs or disbursements, and a new trial is granted on all issues except for the issues of the liability of Jose Rivas and Michael Savarese to Steve Klayman and Carol Ceo unless (1) within 20 days after service upon her of a copy of this decision and order, with notice of entry, Carol Ceo shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the award of damages to her from the principal sum of $4,000,000 to the principal sum of $1,200,000, and to the entry of an amended judgment accordingly; and (2) within 20 days after service upon him of a copy of this decision and order, with notice of entry, Steve Klayman shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the award of damages to him from the principal sum of $197,572.62 to the principal sum of $22,572.62, and to the entry of an amended judgment accordingly; in the event that only Carol Ceo so stipulates, then the judgment, as so reduced and amended, is modified, on the facts, by deleting all the decretal paragraphs thereof except the provision of the first decretal paragraph which adjudged Carl Ceo not to be at fault in the happening of the accident and the fifth decretal paragraph (pertaining to her claims against Savarese and Rivas), and as so modified, the judgment is affirmed insofar as appealed from, and cross-appealed from by the City of New York, without costs or disbursements; in the event that only Steve Klayman so stipulates, then the judgment, as so reduced and amended, is modified, on the facts, by deleting all the decretal paragraphs thereof except the provision of the first decretal paragraph which adjudged Carl Ceo not to be at fault in the happening of the accident and the fourth decretal paragraph (pertaining to his claims

against Savarese and Rivas), and as so modified the judgment is affirmed insofar as appealed from, and cross-appealed from by the City of New York, without costs or disbursements; in the event that both Carol Ceo and Steve Klayman so stipulate, then the judgment, as so reduced and amended, is modified, on the facts, by deleting all the decretal paragraphs thereof except the provisions of the first decretal paragraph thereof which adjudged Carl Ceo not to be at fault in the happening of the accident, and the fourth and fifth decretal paragraphs, and as so modified, the judgment is affirmed, insofar as appealed from, and cross-appealed from by the City of New York, without costs or disbursements.

On the morning of August 27, 1980, William Carroll, a captain in the New York City Department of Corrections (hereinafter NYCDC), was driving an unmarked NYCDC automobile equipped with emergency warning devices from Manhattan to Rikers Island where an inmate disturbance was in progress. Carl Ceo, a NYCDC Assistant Deputy Chief of Operations was a front-seat passenger in the vehicle.

Part of the route taken by Carroll involved driving north on 82nd Street, where it crosses on an overpass above the Grand Central Parkway in Queens County. At the northern end of the overpass there is an intersection controlled by a traffic light. The east to west cross street originates as an upwardly inclined exit ramp from the Grand Central Parkway, and, where it meets 82nd Street, consists of two traffic lanes. Northbound traffic on the overpass is obstructed from the view of motorists ascending the exit ramp by vegetation and as a result of the grade of the ramp. Similarly, vehicles ascending the ramp are obstructed from the view of northbound motorists on the overpass approaching the intersection.

As the NYCDC vehicle approached the intersection, Jose Rivas and Michael Savarese were in their respective vehicles ascending the exit ramp in separate lanes. Steve Klayman was in his vehicle, which was stopped at the traffic light on the southbound side of 82d Street. The light was green for the ramp traffic.

The NYCDC vehicle proceeded into the intersection against the light and there was a collision involving the four vehicles causing Ceo's death and injuries to Klayman, Carroll, Savarese and Rivas.

Actions to recover damages for personal injuries, etc., were commenced by the plaintiffs Klayman, Carroll and Savarese. An action to recover damages for wrongful death was com-

menced by the plaintiff Carol Ceo as administratrix of the estate of Carl Ceo and third-party actions were commenced by Savarese and Rivas against the City of New York. The various actions were jointly tried and the jury, answering written interrogatories, found Carroll, Savarese and Rivas at fault, apportioned the fault among them as 55% to Rivas, 40% to Savarese and 5% to Carroll and the City of New York and awarded various amounts in damages, including the principal sum of $4,000,000 to Carol Ceo and against Savarese and Rivas for the wrongful death, and $225,000 to Steve Klayman and against Savarese and Rivas for the personal injuries he sustained (which was reduced by the court to $197,572.62 after an adjustment was made for a $30,000 settlement with William Carroll and after the addition of $2,577.62 in stipulated property damages).

Our review of the record leads us to conclude that sufficient evidence was adduced at the trial from which the jury could find that Carroll was at fault. The NYCDC vehicle was a police vehicle (see, Vehicle and Traffic Law §§ 132-a, 101) in emergency operation (see, Vehicle and Traffic Law § 114-b). There was a factual question as to whether the NYCDC vehicle's siren was on at all, or, if it was operating, whether it was loud enough to be heard by motorists ascending the ramp, so as to avoid a collision (cf., Abood v Hospital Ambulance Serv., 30 NY2d 295). Additionally, there was a factual question as to whether Carroll, who was completely familiar with the obstructed nature of the intersection, slowed down sufficiently to safely proceed past the steady red signal facing him (see, Vehicle and Traffic Law § 1104 [b] [2]).

Similarly, sufficient evidence was adduced at the trial from which the jury could find that Savarese and Rivas were at fault. There was a factual question as to whether their rate of speed upon entering the intersection exceeded the 30 miles per hour limit on city streets (see, NY City Traffic Regulations § 60 [a]). Additionally, there was a factual question as to whether Savarese and Rivas, who were completely familiar with the obstruced nature of the intersection, exercised the requisite degree of reasonable care notwithstanding the invitation to proceed by the green light facing them (see, Shea v Judson, 283 NY 393, 398; Talay v Del Vicario, 74 AD2d 601; 1 NY PJI 2d 2:79).

While the finding by the jury that Carroll, Savarese, and Rivas were at fault, and that Klayman and Ceo were not at fault is fully supported and should not be disturbed, we find that the jury's apportionment of only 5% of the fault to

Carroll could not be reached on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129) and a new trial as to the relative fault of Carroll, Savarese and Rivas is required.

We further find that the $4,000,000 award to Carol Ceo as against Savarese and Rivas for the wrongful death of Carl Ceo and the jury's finding that Steve Klayman incurred damages of $225,000, were both excessive to the extent indicated *(see, Knight v Long Is. Coll. Hosp.,* 106 AD2d 371, 372). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.