■ Diane Siegel, Respondent, v Erin E. Sweeney, Appellant. [697 NYS2d 317] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Levine, J., at liability trial, Dowd, J., at damages trial and judgment), dated July 13, 1998, which, upon a jury verdict finding her 100% at fault in the happening of the accident, is in favor of the plaintiff and against her in the principal sum of $550,000.

Ordered that the judgment is reversed, on the law and the facts, and new trials on liability and damages are granted, with costs to abide the event.

On the afternoon of July 28, 1992, the plaintiff Diane Siegel was driving west on Olive Place in Lynbrook, New York. At the intersection of Olive Place and Peninsula Boulevard, the plaintiff stopped for a red light. While she was stopped at the light, the plaintiff saw the defendant Erin Sweeney's vehicle, which was traveling north on Peninsula Boulevard, enter the intersection. When the light controlling traffic on Olive Place turned green, the plaintiff entered the intersection, and was struck by the defendant's vehicle. At trial, the plaintiff maintained that the defendant was entirely responsible for the collision because the defendant had entered the intersection when the light controlling traffic on Peninsula Boulevard was red. In contrast, the defendant claimed that the light controlling traffic on Peninsula Boulevard was green when she entered the intersection, and suggested that it was the plaintiff who had attempted to cross the intersection against a red light.

At the close of evidence during the liability phase of the trial, the defendant's attorney requested the court to instruct the jury about a driver's duty when crossing an intersection at a green light, in accordance with PJI 2:79. This charge advises jurors that although a driver who has a green light has the right to assume that the light is red for cross traffic and that other drivers will stop for the red light, "a driver who has a green light must still use reasonable care under the circumstances". The charge further instructs jurors that if the driver with a green light "saw or should have seen another vehicle in the intersection or so near the intersection that a collision was likely to occur, the driver was required to use reasonable care to avoid the collision". When the trial court failed to give the requested charge, the defendant's attorney brought the omission to its attention. The court then declined to give the charge upon the ground that the issue in the case was which of the two drivers had entered the intersection against a red light. The jury subsequently returned a verdict finding the defendant 100% at fault for the accident.

On appeal, the defendant contends that the trial court erred in refusing to give the requested charge regarding the duties of a driver entering an intersection with a green light. We agree. It is well settled that a driver must exercise reasonable care notwithstanding the invitation to proceed by the green light facing him (*see, Shea v Judson,* 283 NY 393, 398; *see also, Costalas v City of New York,* 143 AD2d 573; *Klayman v City of*

*New York,* 130 AD2d 551, 554). Furthermore, under the doctrine of comparative negligence (*see,* CPLR 1411), a driver who lawfully enters an intersection with a green light may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection (*see, Costalas v City of New York, supra; Crespo v New York City Hous. Auth.,* 222 AD2d 300; *Sontag v Mulkerin,* 63 AD2d 699). Here, while each driver accused the other of having entered the intersection against a red light, this was not the only issue in the case. In view of the plaintiff's testimony that she proceeded through a green light despite the fact that she had observed the defendant's vehicle entering the intersection, the court should have given the requested charge so that the jury, in the event that they credited the plaintiff's testimony, could properly evaluate the issue of comparative negligence. Under these circumstances, the trial court's refusal to give the requested charge was prejudicial error, which warrants a new trial on the issue of liability (*see, Sontag v Mulkerin, supra*):

We further find that the jury's award of damages deviated materially from what would be reasonable compensation for the injuries sustained by the plaintiff (*see,* CPLR 5501; *Porcano v Lehman,* 255 AD2d 430; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Hulsen v Morrison,* 206 AD2d 459). Accordingly, we have granted new trials on the issue of damages as well as on the issue of liability. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.