■ MARIA ROMANO, Respondent-Appellant, v 202 CORP. et al., Appellants-Respondents, and KENNETH M. FROESE, Respondent. [759 NYS2d 365] —In an action to recover damages for personal injuries, the defendants 202 Corp. and Joseph C. Cooper appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 22, 2002, as granted that branch of the motion of the defendant Kenneth M. Froese which was for summary judgment dismissing the cross claim asserted against him, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant Kenneth M. Froese which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is denied, and the complaint and the cross claim insofar as asserted against the defendant Kenneth M. Froese are reinstated.

The plaintiff was a passenger in a vehicle owned by the defendant 202 Corp. and operated by the defendant Joseph Cooper when it collided with a vehicle operated by the defendant Kenneth M. Froese. The accident occurred at or near an intersection. The street from which Cooper was entering the intersection was controlled by a stop sign. At an examination before trial, Froese asserted that the collision occurred because

Cooper was in the intersection after "creeping through the stop sign." Froese "[couldn't] say" whether he applied his brakes prior to the collision. Cooper asserted that, although he was over the stop line by several feet to obtain an unobstructed view of traffic, the collision occurred because Froese, who was traveling at an excessive rate of speed, swerved into him trying to avoid another vehicle. The Supreme Court granted Froese's motion for summary judgment dismissing the complaint and the cross claim asserted insofar as against him. We reverse.

Under the doctrine of comparative negligence, "a driver who lawfully enters an intersection * * * may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (*Siegel v Sweeney,* 266 AD2d 200, 202 [1999]; *see also Bodner v Greenwald,* 296 AD2d 564 [2002]). That Cooper allegedly "ran" the stop sign would not preclude a finding, as a matter of law, that negligent conduct by Froese contributed to the accident (*see Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d 381 [2003]; *Bodner v Greenwald,* 296 AD2d 564 [2002]; *Batal v Associated Univs.,* 293 AD2d 558 [2002]). Here, there are questions of fact, inter alia, as to whether Froese used reasonable care to avoid the collision (*see Hernandez v Bestway Beer & Soda Distrib., supra; Batal v Associated Univs., supra*). Thus, summary judgment should have been denied. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.