■ MARIA Cox et al., Respondents, v IVELISSE A. NUNEZ, Defendant, and LAWRENCE Cox, Appellant. [805 NYS2d 604]—

In an action to recover damages for personal injuries, etc., the defendant Lawrence Cox appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated April 5, 2004, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs to the respondents.

The plaintiffs were injured in a collision involving a vehicle operated by the defendant Lawrence Cox, in which they were passengers, and a vehicle operated by the defendant Ivelisse Nunez. The accident occurred at a four-way intersection controlled by stop signs on each corner. As Cox made a left turn into the intersection, Nunez's vehicle collided with the driver's side of his vehicle.

Cox moved for summary judgment based on evidence that he stopped at the stop sign before entering the intersection and that Nunez's failure to stop was the sole proximate cause of the accident.

There can be more than one proximate cause of an accident (see Forte v City of Albany, 279 NY 416, 422 [1939]; Deshaies v Prudential Rochester Realty, 302 AD2d 999 [2003]). The fact that Nunez allegedly "ran" the stop sign would not preclude a finding that comparative negligence by Cox contributed to the accident (see Romano v 202 Corp., 305 AD2d 576, 577; Bodner v Greenwald, 296 AD2d 564 [2002]; Siegel v Sweeney, 266 AD2d 200 [1999]). A driver with the right-of-way has a duty to use reasonable care to avoid a collision (id.).

Accordingly, evidence that Nunez failed to stop at the stop sign would not preclude a finding that negligent conduct by Cox contributed to the accident (see Romano v 202 Corp., supra; Bodner v Greenwald, supra). As there are triable issues of fact as to whether Cox used reasonable care to avoid the collision (see Romano v 202 Corp., supra; Siegel v Sweeney, supra; Vehicle and Traffic Law § 1142 [a]), the Supreme Court properly denied Cox's motion for summary judgment dismissing the complaint insofar as asserted against him. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.