LORRAINE MUNTER, Respondent, v MARY T. HUBERT et al., Appellants. [825 NYS2d 490]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated September 16, 2005, which granted the plaintiff's motion for summary judgment on the issue of liability and pursuant to CPLR 3211 (b) to dismiss their second and third affirmative defenses alleging comparative negligence.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment on the issue of liability and pursuant to CPLR 3211 (b) to dismiss the defendants' second and third affirmative defenses alleging comparative negligence is denied.

The plaintiff allegedly sustained personal injuries when her vehicle was struck on the passenger side by a vehicle driven by the defendant Mary T. Hubert (hereinafter the defendant driver) at the intersection of Willets Point Boulevard and 154th Street in Queens. The plaintiff commenced this action to recover damages for personal injuries against the defendant driver and the driver's husband, the vehicle's owner. The plaintiff moved for summary judgment on the issue of liability and pursuant to CPLR 3211 (b) to dismiss the defendants' second and third affirmative defenses alleging comparative negligence. The plaintiff contended that the accident was caused solely by the negligence of the defendant driver who, she alleged, violated Vehicle and Traffic Law § 1111 (d) (1) by failing to stop at a red traffic control signal. The Supreme Court granted the plaintiff's motion, finding that the defendants failed to overcome the plaintiff's prima facie showing that she was entitled to judgment as a matter of law. We disagree.

In support of her motion, the plaintiff submitted her deposition testimony and that of the defendant driver, as well as the

notarized statement of a nonparty witness. According to the plaintiff's deposition testimony and the nonparty witness's statement, the defendant driver proceeded through the intersection against a red traffic control signal and struck the passenger side of the plaintiff's vehicle. The plaintiff testified that when she saw the defendant driver's vehicle coming through the intersection she "just kept going [because] [she] couldn't get out of the way." The plaintiff alleged that the defendant driver's vehicle was still moving just before impact. However, the defendant driver, in her deposition testimony submitted by the plaintiff in support of her motion, refuted this account of the happening of the accident. Specifically, the defendant driver alleged that she had been stopped at the intersection for a red traffic control signal and did not proceed until the light turned green. According to the defendant driver, when she saw the plaintiff's vehicle, she immediately braked and veered to the right. Thus, the defendants' vehicle was halfway into the intersection and at a complete stop when the plaintiff's vehicle "drove across the whole front of [the] car." It is undisputed that the front left corner of the defendants' vehicle came into contact with the entire right side of the plaintiff's vehicle. The front of the plaintiff's vehicle did not have any damage.

Given the discrepancies in the accounts of the accident that were submitted in support of the plaintiff's motion, particularly as to which driver had the red traffic control signal, the plaintiff failed to make out a prima facie case that the defendant driver violated Vehicle and Traffic Law § 1111 (d) (1) and was thereby the sole proximate cause of the accident (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *cf. Borges v Zukowski,* 22 AD3d 439 [2005]). Similarly, the plaintiff failed to make out a prima facie case that she was free from comparative negligence (*see Cox v Nunez,* 23 AD3d 427 [2005]). Since the plaintiff failed to establish her entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *ADC Orange, Inc. v Coyote Acres, Inc.,* 20 AD3d 493, 495 [2005], *affd* 7 NY3d 484 [2006]).

Accordingly, the Supreme Court erred in granting the plaintiff's motion. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.