■ GABRIEL BORUKHOW, Appellant, v JENNIFER KARLENE CUFF et al., Respondents. [851 NYS2d 374]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered July 16, 2007, as, upon renewal, adhered to the original determination in an order dated December 5, 2006, denying his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly adhered to its denial of the plaintiff's motion for summary judgment as the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]). "[A] driver who lawfully enters an intersection . . . may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (*Siegel v Sweeney*, 266 AD2d 200, 202 [1999]; *see Romano v 202 Corp.*, 305 AD2d 576, 577 [2003]). Here, the plaintiff's evidence, submitted upon renewal in support of the motion for summary judgment, raised a triable issue of fact as to whether he used reasonable care to avoid the accident. Since the plaintiff thus failed to meet his initial burden as the moving party (*see Demant v Rochevet*, 43 AD3d 981 [2007]; *Cox v Nunez*, 23 AD3d 427 [2005]; *Romano v 202 Corp.*, 305 AD2d at 577; *Bodner v Greenwald*, 296 AD2d 564 [2002]), the Supreme Court, upon renewal, correctly adhered to its denial of the motion regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Parnes v Mitzy Transp.*, 44 AD3d 918 [2007]). Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.