■ BEVERLY GORHAM, Respondent, v SYED JAFAR METHUN et al., Respondents, and MICHAEL JOHNSON, Appellant. [869 NYS2d 182]—

This action arises from a collision at an intersection involving an automobile driven by the defendant Michael Johnson and one driven by the defendant Syed Jafar Methun. It is undisputed that there was a stop sign for traffic proceeding in the direction that Methun was traveling and there was none for the direction that Johnson was traveling. Johnson moved for summary judgment, alleging that the evidence established that the sole cause of this accident was the negligence of Methun in failing to yield the right-of-way. Johnson relied upon the parties' deposition transcripts in support of his motion.

Although a stop sign governed the traffic proceeding in the direction of the Methun vehicle, questions of fact exist as to whether Johnson was free from negligence (*see Virzi v Fraser,* 51 AD3d 784 [2008]). Johnson testified at his deposition that he observed Methun's vehicle two minutes before impact, kept it under observation, and saw that it was not changing speeds. In response to the question "[d]uring those two minutes, from the time you first saw that yellow cab until an impact occurred, did you do anything in relation to the operation of your vehicle?" Johnson answered "No. I had the right of way." A driver who lawfully enters an intersection may still be found negligent if he or she fails to use reasonable care to avoid a collision with another vehicle (*see Siegel v Sweeney,* 266 AD2d 200, 202 [1999]). Here, there is competent evidence sufficient to raise a triable issue of fact as to whether Johnson used reasonable care to avoid the accident (*see Borukhow v Cuff,* 48 AD3d 726 [2008]). Accordingly, Johnson failed to establish his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.