■ Nicolas Franco et al., Respondents, v Anthony J. Rizzo et al., Appellants, and Eloise A. Price et al., Respondents. (Action No. 1.) Joseph A. Franco, Jr., Respondent, v County of Suffolk et al., Appellants. (Action No. 2.) [877 NYS2d 415]—

In two related actions to recover damages for personal injuries, which were consolidated for trial, Anthony J. Rizzo and Suffolk County Police Department, defendants in action Nos. 1 and 2, and County of Suffolk, the defendant in action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated January 4, 2008, as granted the motion of Eloise A. Price and Joseph A. Franco, defendants in action No. 1, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the separate motion of Joseph A. Franco, Jr., the plaintiff in action No. 2, for summary judgment in his favor on the issue of liability.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions for summary judgment are denied.

These two actions arise out of a car accident in which a Suffolk County Police Department vehicle driven by Anthony J. Rizzo collided at an intersection with a vehicle owned by Eloise A. Price (hereinafter Price) and driven by Joseph A. Franco (hereinafter Franco). Shortly before the collision, Officer Rizzo received a radio call of shots fired at a nearby residence. As the vehicle of Officer Rizzo approached the intersection, he faced a stop sign, and the cross street upon which Franco was traveling had the right-of-way. Officer Rizzo was following two other police cars whose flashing lights were activated. Officer Rizzo admittedly proceeded into the intersection without his flashing lights or siren activated and without stopping or applying his brakes. Stefanie Price, her son Nicolas Franco, and two other children were passengers in the Franco vehicle. Nicolas Franco testified at his deposition that he saw two police cars proceed through the intersection one at a time with their emergency lights activated prior to the collision with Officer Rizzo's police car. Franco testified at his deposition that he did not see Officer Rizzo's police car until two seconds before the collision. Officer Rizzo testified at his deposition that he had turned his emergency lights off just seconds before reaching the intersection. The Supreme Court granted the motion of Price and Franco, defendants in action No. 1, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the separate motion of Franco, the plaintiff in action No. 2, for summary judgment on the issue of liability.

"Under the doctrine of comparative negligence, 'a driver who lawfully enters an intersection . . . may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection' " (*Romano v 202 Corp.,* 305 AD2d 576, 577 [2003], quoting *Siegel v Sweeney,* 266 AD2d 200, 202 [1999]). That Officer Rizzo proceeded past a stop sign without his emergency lights or siren activated (*see* Vehicle and Traffic Law § 1104 [e]) does not preclude a finding, as a matter of law, that negligent conduct by Franco contributed to the accident (*see Rotondi v Rao,* 49 AD3d 520 [2008]; *Romano v 202 Corp.,* 305 AD2d 576, 577 [2003]).

Here, the deposition testimony submitted on the motions did not eliminate all triable issues of fact, inter alia, as to whether Franco used reasonable care to avoid the collision. Therefore, the evidence submitted by Price and Franco in support of their motions failed to establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), and the separate motions for summary judgment should have been denied without regard to the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.* at 324). Spolzino, J.P., Florio, Miller and Eng, JJ., concur.