■ Silvester Gardner, Respondent, v Harold G. Smith, Defendant, and Theresa L. Brady et al., Appellants. [881 NYS2d 145]—

In an action to recover damages for personal injuries, the defendants Theresa L. Brady and Sean Brady appeal from an order of the Supreme Court, Queens County (Satterfield, J.), entered May 1, 2008, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured in a three-vehicle collision in Jamaica. The plaintiff's vehicle was proceeding west on Linden Boulevard when it was struck by a vehicle operated by the defendant Sean Brady and owned by the defendant Theresa L. Brady (hereinafter the appellants). The appellants' vehicle had been proceeding east on Linden Boulevard, when it was struck by a vehicle operated by the defendant Harold G. Smith, after he allegedly failed to yield the right-of-way at a stop sign while proceeding south on 146th Street. The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, and we affirm.

"There can be more than one proximate cause of an accident. The fact that [a party] allegedly 'ran' the stop sign would not preclude a finding that comparative negligence by [another party] contributed to the accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005] [citations omitted]; *see Romano v 202 Corp.*, 305 AD2d 576, 577 [2003]). "A driver with the right-of-way has a duty to use reasonable care to avoid a collision" (*Cox v Nunez*, 23 AD3d at 427; *see Siegel v Sweeney*, 266 AD2d 200 [1999]).

Accordingly, while the appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that Smith failed to stop at the stop sign, the plaintiff raised a triable issue of fact by demonstrating, through Smith's affidavit, that the allegedly negligent conduct of Sean Brady may have contributed to the accident (*see Campbell-Lopez v Cruz*, 31 AD3d 475 [2006]; *Cox v Nunez*, 23 AD3d at 428; *Romano v 202 Corp.*, 305 AD2d at 577; *Bodner v Greenwald*, 296 AD2d 564

[2002]). Thus, there are triable issues of fact as to whether Sean Brady used reasonable care to avoid the collision, on the basis of which the Supreme Court correctly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see Cox v Nunez*, 23 AD3d at 428; *Romano v 202 Corp.*, 305 AD2d at 577; *Siegel v Sweeney*, 266 AD2d at 201; *see also* Vehicle and Traffic Law § 1142 [a]). Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.