In an action to recover damages for personal injuries, etc., the defendants Thomas E. Weil, Jr., Thomas E. Weil, Sr., and Lee Anne Weil appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 12, 2008, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
On October 6, 2004, at approximately 7:00 a.m., an accident occurred involving three vehicles at an intersection which was governed by traffic light signals.
A driver who has the right-of-way is entitled to anticipate that other motorists will obey the traffic laws and yield the right-of-way (see Parisi v Mitchell, 280 AD2d 589 [2001]; Cenovski v Lee, 266 AD2d 424 [1999]). However, a driver who lawfully enters an intersection with a green light must exercise rea *635 sonable care and could still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection (see Borukhow v Cuff, 48 AD3d 726, 727 [2008]; see also Siegel v Sweeney, 266 AD2d 200, 202 [1999]; Romano v 202 Corp., 305 AD2d 576, 577 [2003]).
In response to the appellants’ prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised triable issues of fact as to whether the defendant Thomas E. Weil, Jr. (hereinafter Weil), failed to use reasonable care to avoid the accident (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Weil testified, inter alia, that the green light was in his favor, and that the defendant Peter G. Meyer drove through a red light and struck the right side of his vehicle. However, a police report submitted in opposition to the cross motion indicates that Weil’s vehicle sustained damage to the front end and that Meyer’s vehicle sustained damage to the driver’s side doors, suggesting that Meyer’s vehicle was positioned in or near the subject intersection prior to the impact. Such evidence, considered in conjunction with Weil’s conceded failure to see Meyer’s vehicle prior to the impact, raised triable issues of fact regarding Weil’s attentiveness as he drove (see e.g. Gonzalez v County of Suffolk, 277 AD2d 350, 351 [2000]).
Accordingly, the Supreme Court correctly denied the appellants’ cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Fisher, J.P., Balkin, Hall and Austin, JJ., concur.