■ SUSAN SIROT et al., Respondents, v CHARLES D. TROIANO, Appellant, and ELIHU A. BOND, Respondent. [886 NYS2d 504]—

In an action to recover damages for personal injuries, etc., the defendant Charles D. Troiano appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered June 10, 2008, which denied his motion for summary judgment

dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, with costs to the defendant-respondent.

On the evening of October 21, 2006, the plaintiffs were passengers in a vehicle operated by the defendant Elihu A. Bond (hereinafter the Bond vehicle), which was traveling eastbound on 57th Road in Queens. At the same time, a vehicle operated by the defendant Charles D. Troiano (hereinafter the Troiano vehicle) was traveling northbound on Cloverdale Boulevard, also in Queens. The Bond vehicle was hit, on its right side, by the Troiano vehicle when it was approximately three-quarters of the way through the intersection of Cloverdale Boulevard and 57th Road. A stop sign at the subject intersection controls traffic traveling on 57th Road, but no stop sign or other device controls traffic traveling on Cloverdale Boulevard.

A driver who has the right-of-way is entitled to anticipate that other motorists will obey the traffic laws and yield the right-of-way (*see Cox v Weil*, 66 AD3d 634 [2009]; *Parisi v Mitchell*, 280 AD2d 589 [2001]; *Cenovski v Lee*, 266 AD2d 424 [1999]). However, "a driver who lawfully enters an intersection . . . may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (*Siegel v Sweeney*, 266 AD2d 200, 202 [1999]; *see Borukhow v Cuff*, 48 AD3d 726 [2008]; *Romano v 202 Corp.*, 305 AD2d 576, 577 [2003]). Here, Troiano demonstrated his entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against him by his deposition testimony that he was traveling at a speed of 20 to 30 miles per hour and had traveled five to six feet into the intersection when his vehicle was stuck by the Bond vehicle, which he saw only "a [f]raction of a second" before the impact. However, in opposition, Bond raised a triable issue of fact as to whether Troiano was comparatively negligent in failing to use reasonable care to avoid the accident. Bond testified, at his deposition, that when he reached the intersection, he stopped, looked carefully in both directions and, seeing no vehicles approaching for one or two blocks down Cloverdale Boulevard, proceeded cautiously into the intersection. The plaintiffs also testified, at their depositions, that Bond had stopped at the stop sign for 20 or 30 seconds, and the plaintiff Susan Sirot testified that she saw the Troiano vehicle "going really fast coming right at us" no more than a second before the impact. Accordingly, the Supreme Court properly denied Troiano's motion for summary judgment (*see Borukhow*

*v Cuff,* 48 AD3d at 726; *Romano v 202 Corp.,* 305 AD2d at 577; *Siegel v Sweeney,* 266 AD2d at 202; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *cf. Maliza v Puerto-Rican Transp. Corp.,* 50 AD3d 650, 651-652 [2008]; *Mateiasevici v Daccordo,* 34 AD3d 651 [2006]; *Morgan v Hachmann,* 9 AD3d 400 [2004]). Covello, J.P., Santucci, Florio and Dickerson, JJ., concur.