◼ Luis Tapia et al., Appellants, v Royal Tours Service, Inc., et al., Respondents. [889 NYS2d 225]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 27, 2008, which granted the

defendants' motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment on the issue of liability and/or to strike the defendants' answer as a sanction for spoliation of evidence.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was to strike the defendants' answer as a sanction for spoliation of evidence and substituting therefor a provision granting that branch of the cross motion to the extent of directing that an adverse inference charge be given at trial as to the missing personnel file and "19-A safety record file of the defendant Elijah Boone," and otherwise denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs.

Manuel Matailo, an adult, allegedly was injured when the bicycle he was riding was struck by a private charter bus owned by the defendant Royal Tours Service, Inc., and operated by the defendant Elijah Boone. The accident occurred at the intersection of East 57th Street and the entrance of the Queensborough Bridge in Manhattan. It is undisputed that the bus, which was proceeding along 57th Street in a turning lane, was faced with a traffic control device. When the traffic signal facing the bus changed to a green left-turn arrow, Boone drove his bus through the intersection and started to make a left turn onto the entrance ramp for the Queensborough Bridge, at which time he struck Matailo while he was on his bicycle in the crosswalk in front of the entrance ramp. Guardians appointed for Matailo commenced this action to recover damages for his personal injuries. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability and/or to strike the defendants' answer as a sanction for spoliation of evidence. We modify.

Contrary to the defendants' arguments, they failed to establish as a matter of law that Boone acted with due care under the circumstances. It is not dispositive that Boone had the green light in his favor (*see Siegel v Sweeney*, 266 AD2d 200 [1999]; *Costalas v City of New York*, 143 AD2d 573, 575 [1988]). A driver with the right-of-way has a duty to use reasonable care to avoid a collision (*see Cox v Nunez*, 23 AD3d 427 [2005]; *Romano v 202 Corp.*, 305 AD2d 576 [2003]).

In this case, the defendants submitted the deposition

testimony of a nonparty witness who testified that he saw Matailo approaching the intersection on his bicycle and entering the crosswalk. Given that Matailo was there to be seen and was, in fact, visible to a pedestrian from across the street, the defendants failed to establish as a matter of law that Boone's failure to see Matailo, despite his unobstructed view of the intersection, was not negligence or that such negligence, if any, did not contribute to the accident (*see Romano v 202 Corp.,* 305 AD2d at 577; *Kiernan v Edwards,* 97 AD2d 750 [1983]).

Moreover, even if Matailo was in the intersection against a traffic signal, there can be more than one proximate cause of an accident, and the defendants failed to establish as a matter of law that their own negligence did not contribute to the occurrence (*see Cox v Nunez,* 23 AD3d at 427; *Romano v 202 Corp.,* 305 AD2d at 577). Therefore, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The Supreme Court also properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability, as they failed to establish as a matter of law that Matailo's own negligence did not contribute to the accident (*see Bodner v Greenwald,* 296 AD2d 564 [2002]; *Walker v Dartmouth Plan Leasing Corp.,* 180 AD2d 952 [1992]).

Further, although the plaintiffs demonstrated that the defendants failed to produce, and may have either negligently or intentionally destroyed, certain records, including Boone's personnel and "19-A safety record file," the plaintiffs did not demonstrate that, as a result, they are "prejudicially bereft of the means of prosecuting this action against the defendants" (*Weber v Harley-Davidson Motor Co., Inc.,* 58 AD3d 719, 722 [2009] [internal quotation marks omitted]). Therefore, the Supreme Court providently exercised its discretion in declining to strike the defendants' answer for failure to comply with discovery demands (*id.*). A lesser sanction, however, was warranted and, at trial, the plaintiffs are entitled to an adverse inference charge pertaining to the content of Boone's missing personnel file and 19-A safety record file (*id.*; *Utica Mut. Ins. Co. v Berkoski Oil Co.,* 58 AD3d 717 [2009]).

We need not reach the defendants' remaining contention in light of our determination (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur. [*See* 20 Misc 3d 1109(A), 2008 NY Slip Op 51292(U).]