(May 18, 2010)

LUDMILA ANDELMAN, as Administrator of the Estate of POLINA PETLYAR, Deceased, Respondent, v JAMES BERARDI, Appellant. [900 NYS2d 672]—

In an action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated August 21, 2009, which granted the plaintiff's motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated May 1, 2009, granting his motion for summary judgment dismissing the complaint upon the plaintiff's default in opposing the motion and, upon vacatur, denied his motion for summary judgment dismissing the complaint.

Ordered that the order dated August 21, 2009, is affirmed, with costs.

To vacate the order dated May 1, 2009, entered upon the plaintiff's default in opposing the defendant's motion for summary judgment dismissing the complaint, the plaintiff was required to show both a reasonable excuse for the default and the existence of a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Joseph v GMAC Leasing Corp.*, 44 AD3d 905 [2007]; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]). The Supreme Court did not improvidently exercise its discretion in determining that the plaintiff's excuse of law office failure was reasonable under the circumstances of this case (*see* CPLR 2005; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.*, 37 AD3d 673

[2007]; *Liotti v Peace*, 15 AD3d 452, 453 [2005]). Furthermore, in submitting the defendant's deposition testimony, the plaintiff demonstrated the existence of a meritorious cause of action. Accordingly, the Supreme Court properly granted the plaintiff's motion to vacate the order dated May 1, 2009. Moreover, the Supreme Court, upon vacatur, properly denied the defendant's motion for summary judgment dismissing the complaint. In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact regarding whether the defendant failed to use reasonable care to avoid the subject collision (*see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 895 [2009]; *Sirot v Troiano*, 66 AD3d 763, 764 [2009]; *Siegel v Sweeney*, 266 AD2d 200, 201-202 [1999]).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.