■ ORLANDO BONILLA, Respondent, v MIGUEL A. GUTIERREZ et al., Appellants. [915 NYS2d 634]—

In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 6, 2009, as granted the plaintiff's motion for summary judgment on the issue of liability, and (2) from an order of the same court entered March 3, 2010, which denied their motion for leave to reargue and renew.

Ordered that the order dated July 6, 2009, is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the issue of liability is denied; and it is further,

Ordered that the appeal from the order entered March 3, 2010, is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly was injured when the motorcycle he was operating collided with a bus driven by the defendant Miguel A. Gutierrez, who, after stopping at a stop sign, drove into the intersection the plaintiff was approaching. In support of his motion for summary judgment on the issue of liability, the plaintiff made a prima facie showing that he had the right of way, that he was entitled to anticipate that Gutierrez would obey the traffic laws which required him to yield, and that, by failing to yield, Gutierrez violated Vehicle and Traffic Law § 1142 (a), which constituted negligence as a matter of law (*see Thompson v Schmitt*, 74 AD3d 789 [2010]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]; *DeLuca v Cerda*, 60 AD3d 721, 722 [2009]). In addition, the plaintiff was required to make a prima facie showing that he was free of comparative fault (*see Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]), and he did so through his own deposition testimony that he was traveling at or below the posted speed limit at the time of the accident, and attempted to take evasive action immediately before the collision (*see Sirot v Troiano*, 66 AD3d 763, 764 [2009]).

In opposition, however, the defendants demonstrated, through the plaintiff's deposition testimony, that the plaintiff saw the bus while it was stopped at the stop sign, and was able to see it during the entire period of time it took for the bus to move from its stationary position to the location of the collision, at which point the rear of the bus had completely crossed one of the two lanes in the plaintiff's direction of travel. In light of these facts, there is a question as to whether the plaintiff had adequate time to perceive and react to the bus's entry into the intersection (*see Cox v Weil*, 66 AD3d 634 [2009]; *cf. Yelder v Walters*, 64 AD3d 762, 764-766 [2009]; *DeLuca v Cerda*, 60 AD3d at 722). Thus, the defendants raised a triable issue of fact as to whether the plaintiff was driving at an excessive rate of speed and whether he could have avoided the accident through the exercise of reasonable care (*see Sirot v Troiano*, 66 AD3d at 764; *Cox v Weil*, 66 AD3d at 635; *Borukhow v Cuff*, 48 AD3d 726 [2008]; *Cox v Nunez*, 23 AD3d 427 [2005]).

Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been denied.

In light of the foregoing determination, the appeal from so much of the order entered March 3, 2010, as denied that branch of the defendants' motion which was for leave to renew must be dismissed as academic. Moreover, the appeal from so much of that same order as denied that branch of the defendants' motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Crawn v Sayah*,

31 AD3d 367 [2006]). Prudenti, P.J., Covello, Florio and Belen, JJ., concur.