■ CHANG-HOON LEE, Appellant, v KEW GARDENS SUNG SHIN REFORMED CHURCH OF NEW YORK et al., Respondents. [923 NYS2d 725]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 22, 2010, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. Although he demonstrated, prima facie, that he had the right-of-way in an intersection in which his car and a vehicle owned by the defendant Kew Gardens Sung Shin Reformed Church of New York, and operated by the defendant Young Soo Su, collided, the plaintiff failed to establish his freedom from comparative fault (*see Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]; *Borukhow v Cuff*, 48 AD3d 726, 727 [2008]). The evidence submitted by the plaintiff in support of his motion demonstrated that the front passenger side of his vehicle collided with the middle, driver's side, of the defendants' 15-passenger van, thus suggesting that the defendants' vehicle was well within the intersection at the point of impact. The plaintiff's evidence further showed that the force of the impact of his car upon the defendants' van propelled the large van across the intersection, onto a sidewalk, and into a tree and another car, suggesting that it was traveling at a high rate of speed. Under these circumstances, the plaintiff

failed to establish, prima facie, that he saw " 'that which through proper use of [his] senses [he] should have seen,' " and that he used reasonable care to avoid the collision (*Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008], quoting *Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]; *see Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Borukhow v Cuff*, 48 AD3d at 727; *Campbell-Lopez v Cruz*, 31 AD3d 475, 475-476 [2006]; *Cox v Nunez*, 23 AD3d 427, 427-428 [2005]; *Millus v Milford*, 289 AD2d 543, 543-544 [2001]; *see also Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.