■ FARRUH SOIBOV, Respondent, v KENNETH P. PALMER et al., Appellants, et al., Defendant. [958 NYS2d 597]—

In an action to recover damages for personal injuries, the defendants Kenneth P. Palmer and Glass Gardens, Inc., doing business as Shop Rite of Rochelle Park, appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 2, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The instant action arises out of a collision between a bicyclist and a motorist that occurred at around 8:30 p.m. on an April evening. The moving defendants contend that the sole proximate cause of the accident was the plaintiff bicyclist's failure to have a headlight on his bicycle (*see* Vehicle and Traffic Law § 1236 [a]), and failure to yield the right-of-way (*see* Vehicle and Traffic Law § 1143). However, there can be more than one proximate cause of an accident (*see Cox v Nunez*, 23 AD3d 427 [2005]; *Romano v 202 Corp.*, 305 AD2d 576, 577 [2003]). Here, the evidence submitted by the moving defendants raised triable issues of fact regarding whether the plaintiff entered the intersection before the defendant driver, whether it was the defendant driver who failed to yield the right-of-way, and whether the defendant driver failed to see that which through proper use of his senses he should have seen (*see Matamoro v City of New York*, 94 AD3d 722, 722-723 [2012]; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]). Accordingly, the Supreme Court properly denied the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.