In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered June 12, 2012, as granted that branch of the motion of the defendant Shigeru Nakazawa which was for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the de *703 fendant Shigeru Nakazawa which was for summary judgment dismissing the complaint insofar as asserted against him is denied.
A vehicle operated by the defendant Heon Young Chong, in which the plaintiff was a passenger, collided with a vehicle operated by the defendant Shigeru Nakazawa at the intersection of 149th Place and 38th Street in Queens. Chong was traveling on 149th Place, which was governed by a stop sign at its intersection with 38th Street. Nakazawa’s vehicle was traveling on 38th Street, which was not governed by a traffic control signal at its intersection with 149th Place.
Nakazawa failed to establish his prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). “There can be more than one proximate cause of an accident” (Cox v Nunez, 23 AD3d 427, 427 [2005]). Nakazawa’s moving papers included Chong’s deposition testimony that approximately 10 seconds had passed between the time he entered the intersection and the time of the impact between the two vehicles. Although a stop sign governed the intersection for traffic proceeding in the direction that Chong’s vehicle traveled, triable issues of fact exist as to whether Nakazawa, who, according to Chong, had approximately 10 seconds to respond, was free from negligence and, if not, whether that negligence was a proximate cause of the accident (see Wilson v Rosedom, 82 AD3d 970 [2011]; Anastasi v Terio, 84 AD3d 992 [2011]; Virzi v Fraser, 51 AD3d 784 [2008]). Accordingly, the Supreme Court should have denied that branch of Nakazawa’s motion which was for summary judgment dismissing the complaint insofar as asserted against him. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.