■ Rosario Caruso, Respondent, et al., Plaintiff, v Nikolajs Gnatjuks et al., Appellants. [990 NYS2d 33]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Graham, J.), dated October 4, 2012, which granted the motion of the plaintiff Rosario Caruso for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff Rosario Caruso for summary judgment on the issue of liability is denied.

A vehicle operated by the defendant Nikolajs Gnatjuks collided with a vehicle operated by the plaintiff Rosario Caruso at the intersection of Avenue T and East 4th Street in Brooklyn. Gnatjuks was traveling on East 4th Street, which was governed by a stop sign at its intersection with Avenue T. Caruso's vehicle was traveling on Avenue T, which was not governed by a traffic control signal at its intersection with East 4th Street.

Caruso failed to establish his prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Caruso's moving papers included a transcript of Gnatjuks' deposition testimony, wherein Gnatjuks testified that he had stopped in the intersection for approximately 10 seconds to yield to another vehicle prior to the collision. Although a stop sign governed the intersection for traffic moving in the direction that Gnatjuks' vehicle traveled, Caruso's submissions failed to eliminate triable issues of fact as to whether Caruso, who, according to Gnatjuks, had approximately 10 seconds to respond, was free from negligence and, if not, whether that negligence was a proximate cause of the accident (*see Young Rae Kim v Heon Young Chong*, 107 AD3d 702, 703 [2013]; *Wilson v Rosedom*, 82 AD3d 970 [2011]; *Anastasi v Terio*, 84 AD3d 992 [2011]; *Virzi v Fraser*, 51 AD3d 784 [2008]). Accordingly, the Supreme Court should have denied Caruso's motion for summary judgment on the issue of liability. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.